IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BILLIE JEAN VERDI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:12-CV-488(MTT) |
| | ) |
| WILKINSON COUNTY, GEORGIA, | ) |
| JOHN W. ROBERTS, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Before the Court is Petitioner Billie Jean Verdi's Motions to Proceed in Forma Pauperis. (Docs. 2 and 7). Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "Such affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. Here, the Court is satisfied that the Petitioner is unable to pay the costs and fees associated with this lawsuit. Accordingly, the Petitioner's Motions for Leave to Proceed in Forma Pauperis are **GRANTED**.

Because the Petitioner is proceeding in forma pauperis, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). A petition is frivolous if "it lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because the Petitioner is proceeding pro se, however, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

Here, the Petitioner seeks "the immediate issuance of emergency writ of habeas corpus commanding offender[s] promptly return/release illegal possession of Petitioner's minor child." (Doc. 1 at 1) (alteration in original). The Petitioner alleges that her son, Danny Verdi, was, or is, a victim of "sex trafficking/human trafficking." (Doc. 1 at 6-7). Though no photographs are attached, she contends that she has photographic evidence of Danny Verdi's abuse. Thus, she contends various federal statutes protecting victims of human trafficking require that her son's body is returned to her. (Doc. 1 at 8).

It is unclear where the Petitioner believes that her son is being "held." For example, the Petitioner contends that in July 2007 she went to private land in Wilkinson County and saw that Danny Verdi's grave had been "desecrated." (Doc. 1 at 14). It appears that soon after this date, the Petitioner was arrested and charged with criminal trespassing and "family members were forced to remove the urn<burial (sic) object, off the grave." (Doc. 1 at 15). However, the Petitioner never specifically identifies where the grave is located.

Regardless, the Petition fails to state an arguable basis in law or fact for the relief it seeks. Even construed liberally, the stream of consciousness Petition appears unrelated to a cognizable legal claim. Because this action is frivolous and because the Petitioner fails to state a claim upon which relief can be granted, this action must be

**DISMISSED WITHOUT PREJUDICE**.  Further, the pending Motion for Emergency Return of Danny Verdi is **MOOT**.  (Doc. 5).

**SO ORDERED**, this 9th day of January, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT