IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BILLIE JEAN VERDI,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-488(MTT) |
| | ) |
| **WILKINSON COUNTY, GEORGIA,** | ) |
| **JOHN W. ROBERTS,** *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Before the Court are the Petitioner's Second Motion to Amend and Restate Civil Case and Motion for Reconsideration. (Docs. 13 and 14). The Court's January 9, 2013, Order dismissed the Petitioner's Petition without prejudice for failing "to state an arguable basis in law or fact for the relief it seeks." (Doc. 8). The Petitioner moved to restate on January 17, 2013 (Doc. 11), and the Court found that the Petitioner's Motion to Restate did not change the Court's previous analysis of her Petition (Doc. 12).

First, with regard to the Petitioner's Motion for Reconsideration, pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than

simply restate [her] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Petitioner has not met her burden. She has alleged no intervening change in the law, has presented no new relevant evidence not previously available to the parties, and the Court is not persuaded its previous ruling was clearly erroneous. Accordingly, the Petitioner Motion for Reconsideration is **DENIED**. (Doc. 14). Further, with regard to the Petitioner's Second Motion to Restate, the Petitioner still fails to state a legally cognizable claim. Nothing in the Petitioner's proposed Amended Petition changes the Court's previous analysis. Therefore, the Petitioner's Motion to Restate is **DENIED**. (Doc. 13).

**SO ORDERED**, this 31st day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT